PEOPLE ex rel. GROSS v. FITCH, Comptroller.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

MANDAMUS—COMPELLING PAYMENT OF CLAIM—ADVERSE CLAIMANT.

One who claims a refund of taxes as assignee of the taxpayer shows no such clear legal right thereto, as against the taxpayer, as entitles him to mandamus to compel the city comptroller to make payment to him, merely by the production of an assignment to him executed by attorney, and a power of attorney which authorized the execution thereof, where the taxpayer makes affidavit that he did not give the power or authorize the assignment.

Appeal from special term, New York county.

Application by Anthony Gross, as assignee of James A. Striker, for a peremptory writ of mandamus to compel Ashbel P. Fitch, comptroller of the city of New York, to refund to relator an assessment paid by James A. Striker for the opening of Twelfth avenue. From an order granting the writ, the comptroller appeals. Reversed.

In 1874 James A. Striker paid an assessment for the opening of Twelfth avenue. Laws 1895, c. 442, authorized the comptroller to refund all assessments for that improvement. Relator claimed under an assignment of the right of James A. Striker to the refund, executed October 31, 1887, by one Van Auken as attorney in fact, and produced a power of attorney from Striker to Van Auken dated October 13, 1887. Relator conceded the claim of Elsworth L. Striker to one-half the refund. James A. Striker claimed the refund, making affidavit that he had never given the power of attorney, or authorized the assignment, and had received no consideration therefor.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Truman H. Baldwin, for appellant.
P. A. Hargous, for respondent.

PER CURIAM. We think, upon the facts appearing at the special term, that it was error to issue a peremptory writ of mandamus. The city concedes the possession of a sum of money which the relator claims as assignee of one James A. Striker. This same sum of money, however, is claimed by said Striker (he claiming that the assignment by his attorney to the relator was invalid), and also by one Elsworth L. Striker. It is perfectly apparent that there is here presented a serious dispute between different claimants for the same fund, and we do not think that, upon this proceeding, the

relator has shown such a clear legal right to the money in the hands of the comptroller as would justify a peremptory writ of mandamus. We think the proper course would be for an action to be brought for the money, in which the claims could be interpleaded, and the money paid into court, where, upon the trial, such a judgment could be entered as would protect all parties.

The order appealed from should, therefore, be reversed, with costs and disbursements, and the application denied, with costs.